UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RANDY LEEROYAL SWANEY, | CIVIL NO. 17-2039 (JRT/DTS) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| MICHELLE SMITH,<br>*Warden*, | |
| Respondent. | |

Randy LeeRoyal Swaney, Minnesota Correctional Facility – Oak Park Heights, Reg. No. 227059, 5329 Osgood Avenue North, Stillwater, Minnesota, 55082, *Pro Se* Petitioner

Edwin W. Stockmeyer, III, Esq. and Matthew Frank, Esq., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota, 55101, for Respondent

## INTRODUCTION[1]

Petitioner Randy LeeRoyal Swaney ("Swaney") seeks a Writ of Habeas Corpus vacating his conviction and sentence for first degree murder and ordering a new trial. Swaney asserts that he is innocent, that he received ineffective assistance of counsel at trial, and that his guilty verdict resulted in part from a biased juror. The State of Minnesota ("State") argues Swaney's claims are untimely and moves to dismiss. For the reasons outlined below, the Court recommends that the State's Motion to Dismiss [Docket No. 11] be granted and Swaney's Petition be dismissed.

---

[1] This matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

**FINDINGS OF FACT**

In May 2001, an employee of Minnesota's Blue Mounds State Park was found murdered in the park's contact station. *State v. Swaney*, 787 N.W.2d 541, 544 (Minn. 2010). No suspects were identified, and the case remained cold until improved DNA testing implicated Swaney in April of 2007. *Id.* at 546. After further investigation, Swaney was indicted on seven counts of murder, including three counts of first-degree murder. *Id.* at 547. A jury convicted Swaney on all counts, and he was sentenced to life in prison without parole. *Id.* at 549.

Swaney appealed his conviction to the Minnesota Supreme Court. *Id.* at 541, 546. In August 2010, that Court determined that while some of the testimony admitted at trial violated the confrontation clause, its admission was harmless error, and that Swaney's other grounds for appeal, including juror bias, were without merit. *Id.* at 553-555, 564. Accordingly, the Court affirmed Swaney's conviction. *Id.* at 564.

In August 2012, Swaney petitioned the trial court for post-conviction relief. *Swaney v. State*, 882 N.W.2d 207, 212 (Minn. 2016). The trial court "denied most of Swaney's claims on the ground that they were procedurally barred" and later "denied Swaney's remaining ineffective-assistance claims" on the merits. *Id.* Swaney appealed the denial of post-conviction relief to the Minnesota Supreme Court, which affirmed. *Id.* at 213, 216, 220. In June 2017, Swaney filed this Petition for a Writ of Habeas Corpus, in which he asserts the following grounds for relief: (1) ineffective assistance of trial counsel for not personally interviewing witnesses; (2) ineffective assistance of trial counsel for deciding not to call three particular witnesses at trial; (3) violation of his right to a fair trial caused by the seating of a biased juror; and (4) ineffective assistance of

trial counsel for not calling the alleged true perpetrator to testify at trial.  Pet., Docket No. 1.

The State has moved for dismissal, arguing that Swaney's claims are time-barred.  For the reasons set forth below, the Court concludes that Swaney's Petition is untimely and his claim of actual innocence is insufficient to overcome its untimeliness.[2]  Therefore, the State's Motion to Dismiss should be granted.

## CONCLUSIONS OF LAW

### 1. Statute of Limitations

A habeas petitioner "in custody pursuant to the judgment of a state court" is subject to a one-year statute of limitation.  28 U.S.C. § 2244(d)(1).  This limitations period begins on the latest of four possible triggering events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The State argues Swaney's habeas petition is barred by the statute of limitations.  Resp. Mem. 6-12, Docket No. 12.  Swaney's conviction was affirmed by the Minnesota Supreme Court on August 26, 2010.  *Swaney*, 787 N.W.2d at 544.  Swaney's judgment

---

[2] In addition, certain of Swaney's claims are procedurally defaulted for the reasons articulated in the State's memorandum in support of its motion to dismiss.  *See* Resp. Mem. 12-14, Docket No. 12.

3

of conviction became final one year after "the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari" has passed. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The period to seek a writ of certiorari ended on November 24, 2010. Accordingly, absent the application of a later triggering event or tolling of the statute, Swaney had until one year later, November 24, 2011, to file his petition. However, Swaney filed this petition on June 14, 2017, nearly six years after the statute of limitations expired. Thus, in order for his claims to proceed, he must establish that the limitation period was either triggered later than the conclusion of direct review or was tolled by his filing for post-conviction relief. 28 U.S.C. § 2244(d)(2).

Swaney does not contest that the limitations period began running on November 24, 2010, or that it expired one year later. Swaney does not argue, nor is there any evidence, that any of his claims are governed by a later triggering event than the expiration of the time for direct review under 28 U.S.C. § 2244(d)(1)(A).

Nor are Swaney's claims saved by the tolling provision that applies during the pendency of an action for post-conviction relief. Swaney petitioned for post-conviction relief on August 7, 2012, over eight months *after* the period to seek habeas relief had already run. It is well-settled that an expired statute of limitations cannot be tolled, because it has ceased to exist. *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Therefore, Swaney's habeas petition is untimely and may not proceed unless saved by Swaney's claim of actual innocence.

## 2. <u>Actual Innocence</u>

Swaney claims the statute of limitations should not bar his claims because he is actually innocent. Pet. Mem. 13-14, Docket No. 1. A claim of actual innocence can provide the basis for an "equitable exception" to the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013). But the petitioner must do more than merely plead he is innocent. He must show that, in light of the new evidence, "no reasonable juror would have found the defendant guilty." *Schlup v. Delo*, 513 U.S. 298, 329(1995).

Here, Swaney has not come close to meeting the standard for an actual innocence exception to the limitations bar. First, though Swaney argues he is actually innocent because his attorney did not personally interview any witnesses during trial preparation, Pet. Mem. 5, Docket No. 1, he identifies no evidence the interviews would have uncovered had his attorney personally conducted those interviews rather than relying on his investigators to do so.

Next, Swaney argues his counsel failed to call three witnesses at trial: the victim's mother ("N.K."), Swaney's wife, and a bait shop owner. Pet. Mem. 7, Docket No. 1. N.K. purportedly saw Swaney at the park ten days prior to the murder, an identification Swaney's counsel did not find credible. *Swaney*, 882 N.W.2d at 219. Again, the Minnesota Supreme Court found it "reasonable" that Swaney's counsel declined to call N.K. *Id.* But even had N.K. testified she had seen Swaney at the park, it would not refute the physical and forensic evidence found at the murder scene indicating Swaney's guilt – his cigarettes, his wristwatch with his DNA on it, and his

5

fingerprints on a brochure that arrived at the park only four days before the murder. *Id.* at 213, 219.

Swaney also argues his spouse, Dawn Swaney, should have testified to his "calm demenor" [sic] and disinclination for criminal behavior. Pet. Mem. 7, Docket No. 1. Quite obviously, such evidence does not establish Swaney's actual innocence, nor demonstrate that no reasonable juror would have convicted Swaney in the face of such testimony.

Swaney also references an unidentified bait shop owner who could provide an alibi, but never provides that owner's name, nor establishes any reason to believe the owner would remember the encounter nearly 17 years prior. In short, the evidence Swaney relies on falls well below the threshold necessary to abrogate the statute of limitations: these witnesses' testimony does not establish that no juror could have reasonably found Swaney guilty in the face of that testimony.

Additionally, Swaney argues he is innocent because one of the jurors was a friend of the victim. Pet. Mem. 8, Docket No. 1; Pet. Reply pp. 5-7. But the contention that *voir dire* was fatally flawed – already rejected by the Minnesota Supreme Court on direct appeal – has no bearing on Swaney's alleged innocence. *Swaney*, 787 N.W.2d at 564. Therefore, the allegedly improper seating of this juror does not provide a basis for setting aside the statute of limitations that bars this petition.

Finally, Swaney argues that the testimony of prison inmate Anthony Flowers ("Flowers") would have shown that Flowers, not Swaney, was guilty of the murder. Pet. Mem. 10, Docket No. 1; Pet. Reply 8-11, Docket No. 15; *Swaney*, 787 N.W.2d at 548-49. At trial, Swaney's counsel called two witnesses who testified that Flowers had

confessed the murder to them. Swaney, 787 N.W.2d at 548-49. But their testimony – which the jury found unpersuasive – was severely undermined during cross examination. *Id.* Even assuming Flowers would have testified at Swaney's trial consistent with his alleged jailhouse confession, his explanation of how the crime was committed, including the method and location, did not match the crime scene evidence. St. Ct. Order 17-19, Docket No. 13 Ex. 1. This Court is unaware of any physical evidence tying Flowers to the murder, and Flowers' DNA was not found at the crime scene. *Id.* at 11-12. Though Swaney's counsel did not call Flowers as a witness, and though his investigators possibly never interviewed Flowers, there is nothing in this record that is new or that establishes Swaney's innocence claims as sufficiently persuasive to overcome the statute of limitations bar. Evidentiary Hrg. Tr. 10-12, Docket No. 13, Ex. 3.

In short, Swaney's claim of actual innocence falls far short of the standard necessary for this Court to revive Swaney's claims that are otherwise barred by the statute of limitations.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Respondent's Motion to Dismiss [Docket No. 11] be GRANTED.

2. The Petition for Writ of Habeas Corpus be DENIED.

3. This case be DISMISSED WITH PREJUDICE.

Dated: February 8, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

7

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).